Alex Asil Mashiri, Esq. (SBN 283798)
Alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff
DIEGO CASANOVA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIEGO CASANOVA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> I.C. SYSTEM, INC.; and SCHLEE & ) <br> STILLMAN, LLC. ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> **[DEMAND FOR JURY TRIAL]** |

Plaintiff DIEGO CASANOVA alleges as follows:

## INTRODUCTION

1. Plaintiff DIEGO CASANOVA ("Plaintiff") brings this lawsuit against I.C. SYSTEM, INC. (hereinafter referred to as "I.C. SYSTEM") for violations of the Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), the Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA"), and California Consumer Credit Reporting Agencies Act ("CCRAA").

2. Plaintiff brings this lawsuit against SCHLEE & STILLMAN, LLC

(hereinafter referred to as "S&S") for violations of the FDCPA and Rosenthal FDCPA.

3. Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

## PARTIES

4. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692a(3), 15 U.S.C. section 1681a(c) and California Civil Code section 1785.3(b), and a "debtor" as the term is defined by California Civil Code section 1788.2(h).

5. Plaintiff is informed and believes, and thereupon alleges, that Defendant I.C. SYSTEM is, and at all times mentioned herein was, a corporation, who was conducting and engaging in business in Murrieta, California.

6. Plaintiff is informed and believes, and thereupon alleges, that Defendant S&S is, and at all times mentioned herein was, a limited liability company, who was conducting and engaging in business in Murrieta, California.

7. Plaintiff is informed and believes, and thereupon alleges, that Defendants IC SYSTEMS and S&S use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. section 1692a(6).

8. Plaintiff is informed and believes, and thereupon alleges that all Defendants IC SYSTEM and S&S are debt collectors as defined under Civil Code section 1788.2(c).

9. Defendants IC SYSTEM and S&S attempted to collect a consumer debt as defined under the FDCPA and Rosenthal FDCPA.

10. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## JURISDICTION AND VENUE

11. This Court has jurisdiction under 15 U.S.C. section 1692k(d), 15 U.S.C. § 1681 *et. seq.,* 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

12. This action arises out of violations of the FDCPA, Rosenthal FDCPA, FCRA, and CCRAA. Personal jurisdiction is established, because Defendants do business within the State of California, City of Murrieta.

13. Venue is proper pursuant to 28 U.S.C. section 1391.

## RELEVANT FACTS

14. On or about January 25, 2016, Plaintiff obtained a copy of his credit report with CoreLogic and discovered that Defendant IC SYSTEM reported that he allegedly owed a debt of $60.00 to Wyzant, Inc. According to the CoreLogic report, Defendant IC SYSTEM reported this debt with Experian, Equifax, and Transunion.

15. Sometime after February 22, 2016, Plaintiff received a collection notice, dated February 22, 2016, from Defendants S&S and IC SYSTEM. The collection notice stated that Plaintiff owed a debt in the amount of $60.00 to Wyzant, Inc. A copy of the February 22, 2016 collection notice is attached hereto as **Exhibit 1**, and is incorporated herein by reference.

16. Plaintiff did not owe any debt to Wyzant, Inc. because the alleged $60.00 debt did not belong to him.

17. On May 4, 2016, Plaintiff sent, via certified mail, a written notice to all three credit bureaus, informing each of them that Plaintiff was disputing the account with Wyzant, Inc., because the debt was not his.

18. All three credit bureaus received Plaintiff's written dispute. Specifically, as relevant here, Equifax received Plaintiff's written dispute on May 7, 2016.

19. On May 28, 2016, Equifax provided Plaintiff with a copy of his Equifax credit report, which continued to falsely indicate that Plaintiff owed $60.00 to IC SYSTEM.

## FIRST CAUSE OF ACTION
**(Violation of the FDCPA against all Defendants)**

20. Plaintiff re-alleges paragraphs 1 through 19, above, as if fully set forth herein.

### COUNT 1

21. Defendants IC SYSTEM and S&S violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(10), and 1692f, by sending a collection notice to Plaintiff in an attempt to collect a debt from the Plaintiff that did not belong to the Plaintiff. This is exactly the type of behavior the FDCPA is designed to prevent. *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988) [holding that Congress designed the FDCPA to "eliminate the recurring problem of debt collectors dunning the wrong person…."].

### COUNT 2

22. Defendant IC SYSTEM violated 15 U.S.C. section 1692e(8) because it reported to the credit bureaus that Plaintiff owed $60.00 when in fact he did not because this debt did not belong to him. This reporting negatively affected Plaintiff's credit score and delayed his chances of purchasing a new home. Without the deletion of this trade-line, Plaintiff is most likely not be able to qualify for loan.

23. As a result of each and every violation of the FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

24. As a result of each and every violation of the FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

25. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A); and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## SECOND CAUSE OF ACTION
### (Violation of the Rosenthal FDCPA against all Defendants)

26. Plaintiffs re-allege paragraphs 1 through 25, above, as if fully set forth herein.

27. Any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA, because section 1788.17 incorporates the FDCPA.

### COUNT 1

28. Defendant IC SYSTEM violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as pointed out above.

### COUNT 2

29. Defendant S&S violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(10), and 1692f, as pointed out above.

30. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

31. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

32. As a result of each and every violation of the Rosenthal FDCPA, as alleged in Count 1 and 2, Plaintiff is entitled to actual damages pursuant to California

Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

### THIRD CAUSE OF ACTION
### (Violation of the FCRA against Defendant IC SYSTEM only)

33. Plaintiff re-alleges paragraphs 1 through 32, above, as if fully set forth herein.

34. Under 15 U.S.C. section 1681s-2(b) a furnisher of credit information, upon receiving notice from a credit reporting agency, must (1) conduct an investigation; (2) review all relevant information provided by the credit reporting agency; (3) report the results of the investigation to the credit reporting agency; and (4) if inaccurate information is discovered, report this result to all consumer reporting agencies to which the person furnished the information. *Nelson v. Chase Manhattan Mortg. Corp.* 282 F.3d 1057, 1059 (9th Cir. 2002).

35. A private right of action against furnishers of credit exists for duties imposed by 15 U.S.C. section 1681s-2(b). *Gorman v. Wolpoff & Abramson, LLP* 584 F.3d 1155 (9th Cir. 2009).

36. As indicated above, Plaintiff sent, via certified mail, a written notice on May 4, 2016 to all three credit reporting agencies, informing each of them that Plaintiff was disputing the debt because the alleged debt owed to Wyzant, Inc., did not belong to him. Upon information and belief, at least one of the three credit reporting agencies gave notice of this dispute to Defendant IC SYSTEM pursuant to 15 U.S.C. 1681i(a)(2). Such notice triggered Defendant IC SYSTEM's duty to investigate the matter.

37. Defendant IC SYSTEM violated the FCRA by violating 15 U.S.C. section 1681s-2(b) because it failed to conduct an investigation after it received notice

from at least one credit reporting agency. Defendant IC SYSTEM never contacted Plaintiff nor his counsel to try to seek more information or inform him that an investigation is being conducted. Instead, Defendant IC SYSTEM continued to inaccurately report the debt with Equifax, indicating that Plaintiff owes a debt of $60.00.

38. Defendant IC SYSTEM never reported the result of the investigation to the credit reporting agencies, including Equifax, instead it willfully continued to provide inaccurate information that Plaintiff owes a debt, despite having knowledge of its inaccuracy.

39. Defendant IC SYSTEM's reporting made the reporting incomplete and/or inaccurate in violation of 15 U.S.C. section 1681s-2(b).

40. As a result of each and every violation of the FCRA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, damage to his credit report and credit score, and out-of-pocket expenses the exact amount of which is to be proven at trial.

41. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. section 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681o(a)(2).

42. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. section 1681n(a)(1)(A); punitive damages pursuant to 15 U.S.C. section 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681n(a)(3).

## FOURTH CAUSE OF ACTION
### (Violations of the CCRAA against Defendant IC SYSTEM only)

43. Plaintiff re-alleges paragraphs 1 through 42, above, as if fully set forth herein.

44. California Civil Code section 1785.25(a) states:

> A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

45. Defendant IC SYSTEM violated the CCRAA by violating California Civil Code section 1785.25(a) because it furnished and continued to furnish to Equifax, a consumer credit reporting agency, that Plaintiff owed $60.00 when in fact he did not because the alleged debt did not belong to him. Defendant IC SYSTEM knew or should have known that the information it provided to the credit bureaus was incomplete and/or inaccurate, especially since Defendant IC SYSTEM was informed by the credit bureaus, after Plaintiff initiated a written disputed pursuant to the FCRA, that the debt did not belong to Plaintiff.

46. As a result of each and every violation of the CCRAA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, loss of creditworthiness and credit standing, and out-of-pocket expenses the exact amount of which is to be proven at trial.

47. As a result of each and every violation of the CCRAA, Plaintiff is entitled to actual damages, reasonable attorney's fees and costs pursuant to California Civil Code section 1785.33(a)(1); and statutory damages for a knowing or willful violation in the amount of up to $5,000.00 pursuant to California Civil Code section 1788.31(a)(2)(B).

## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;
2. For statutory damages;
3. For interest according to law;
4. For attorneys' fees;
5. For costs of suit herein incurred; and

1     6. For other and further relief as the court may deem proper.

2 Respectfully Submitted,

3 DATED: January 19, 2017     **MASHIRI LAW FIRM**
A Professional Corporation

By: /s/ Alex Asil Mashiri
Alex Asil Mashiri
Attorney for Plaintiff,
DIEGO CASANOVA

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939